IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELICIA BARNETT,              § | | |
|     PLAINTIFF,       § | | |
| § | | |
| V.                              § | CIVIL CASE NO. 3:20-CV-325-C-BK | |
| § | | |
| DALLAS COUNTY, TEXAS,   § | | |
|     DEFENDANT.     § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, now before the United States magistrate judge for findings and a recommended disposition is Defendant's *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)*. Doc. 21. For the reasons that follow, the motion should be **DENIED**.

**A. PROCEDURAL HISTORY**

In February 2020, Plaintiff filed this *pro se* complaint against Defendant, her former employer, alleging that she was terminated based on her age, in violation of the Age Discrimination in Employment Act ("ADEA"). Doc. 3 at 3-4. As the factual basis for her claim, Plaintiff states in full:

> I acted in response to a coworker physically assaulting me while at a work event. I was suspended for approximately 3 weeks, while the company investigated. During this same time the coworker that assaulted me was not suspended. I then was terminated. I believe the reason for my termination was due to my age.

Doc. 3 at 5.

Attached to Plaintiff's complaint is Defendant's Position Statement to the Equal Employment Opportunity Commission in which Defendant avers that Plaintiff was terminated

because she punched a fellow employee at a public event, and the other employee — who was younger and had pinched Plaintiff's arm — was suspended for five days. Doc. 3 at 11. Defendant's Position Statement also recounts testimony from Plaintiff's grievance hearing during which (1) the decisionmaker involved in her termination testified that he did not know who Plaintiff was or have access to her personnel file at the time he decided to terminate her; and (2) Plaintiff stated she did not know who made the decision to fire her and had no evidence to support her claim that she was terminated because of her age. Doc. 3 at 13-14. Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim for relief. Doc. 21.

### B. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[U]nless the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief," a Rule 12(b)(6) dismissal is inappropriate. *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991).

The ADEA provides, in relevant part, that an employer cannot discharge an individual

because of their age. 29 U.S.C. § 623(a)(1). The law permits an employee to pursue discrimination claims under two distinct theories: disparate impact and disparate treatment. *See Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, 88 (2008). Pertinent to this case, "[d]isparate-treatment cases present the most easily understood type of discrimination . . . and occur where an employer has treated a particular person less favorably than others because of a protected trait." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (cleaned up). When a plaintiff brings a cause of action under the ADEA, she has the burden of showing that her age was the but-for cause of her employer's adverse action, and that burden may be satisfied with circumstantial evidence. *Salazar v. Lubbock County Hosp. Dist.*, 982 F.3d 386, 388-89 (5th Cir. 2020) (internal citation omitted).

## C. PARTIES' ARGUMENTS AND ANALYSIS

Defendant argues that Plaintiff's complaint should be dismissed because the Position Statement proves she has no evidence she was discriminated against despite the conclusory allegations in her complaint. Doc. 21 at 6. As a further basis for dismissal, Defendant asserts that Plaintiff has failed to plead two prima facie elements of discrimination, namely that she was qualified for her position and that she was replaced by or treated less favorably than a similarly situated younger employee. Doc. 21 at 7.

Plaintiff filed an affidavit in response to Defendant's motion, contending that she was not permitted to present witnesses at her grievance hearing, and newly arguing that she is aware of two younger employees in her department who tampered with governmental records and were demoted rather than fired, and a younger clerk who stole several gift cards and was "given a disciplinary action." Doc. 25 at 1-2.

Despite Defendant's contention, Plaintiff does not have to plead a prima facie case to

state a plausible claim of age discrimination.  The prima facie case dictates the employee's evidentiary burden of presenting proof that raises an inference of discrimination.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  The elements of a prima facie case are helpful, however, in framing what constitutes a sufficiently pled ADEA claim.  *See Chhim v. Univ. of Texas*, 836 F.3d 467, 470 (5th Cir. 2016) (considering the prima facie elements for retaliation in analyzing the sufficiency of a complaint); *Puente v. Ridge*, 324 Fed. Appx. 423, 427-28 (5th Cir. 2009) (noting that the court may consider the *McDonnell Douglas* framework in addressing a motion to dismiss, and "no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'").  To ultimately prove her ADEA claim, Plaintiff must demonstrate that she (1) was discharged; (2) was qualified for her position; (3) was within the protected class at the time of her termination; and (4) was either replaced by someone younger or otherwise discharged because of her age.  *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (quotation marks and citation omitted).

     Here, Plaintiff alleges that following her reaction to a younger co-worker's assault, she was terminated from her management position because of her age, which was then around 52 years old.[1]  Doc. 3 at 4-5, 13.  Defendant's Position Statement, which Plaintiff attached to her complaint, by no means helps her case, since, by definition, it presents Defendant's side in the matter.  Nevertheless, the Court cannot find at this juncture that the pleadings on their face reveal *without a doubt* that Plaintiff "can prove *no set of facts* that would entitle [her] to relief."

---

[1] While Plaintiff asserts in her Affidavit that she was treated differently than additional younger comparators, Doc. 25 at 1-2, the Court will not consider new factual allegations raised for the first time in response to Defendant's dismissal motion.  *Cf. Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (stating that claim not raised until response to summary judgment motion was not properly before the court).

4

*Garrett*, 938 F.2d at 594 (emphasis added).  Accordingly, dismissal of this case pursuant to Rule 12(b)(6) is not warranted.

### D. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)*, Doc. 21, should be **DENIED**.

**SO RECOMMENDED** on July 22, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).